UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| YESSENIA VÉLEZ RODRÍGUEZ<br><br>Plaintiff<br><br>v.<br><br>DIDAXIS, INC.; PUERTO RICO GOVERNMENT DEPARTMENT OF HEALTH<br><br>Defendant | CIVIL ACTION: |

## COMPLAINT

This is a civil rights action by Yessenia Vélez Rodríguez ("Plaintiff") against Didaxis, Inc., and Puerto Rico Government Department of Health for discriminatory acts perpetrated against her. The Plaintiff seeks injunctive and declaratory relief, attorney's fees and costs, pursuant to the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12101 et seq.) (Title II and Title III), and Section 504 of the Rehabilitation Act 29 U.S.C § 794. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims because all actions complained of herein take place within the jurisdiction of the United States District Court for the District of Puerto Rico, and the Plaintiff's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

### I.   PARTIES

1. The plaintiff is: Yessenia Vélez Rodríguez. Her mailing address and physical address is: Carretera 404, Km 3.0, Interior Bo Daguey. Añasco, Puerto Rico, 00610. Her telephone number is: (787)-560-4962.

2. The defendants are: Didaxis, Inc., and the Puerto Rico Government Department of Health.

3. The Department of Health of the Government of Puerto Rico is responsible for the actions of the Speech-Language Pathology and Audiology Board, Speech-Language Pathologists, and Speech-Language Therapists in Puerto Rico, clarifying that it does not posseess legal personality and is

appended to said Department, is located at Call Box 10200, San Juan PR 00908.

4. The defendant party comprises the Department of Health of the Government of Puerto Rico and Didaxis, Inc. The latter is entrusted with administering the requisite licensure examination, which certifies individuals as authorized professionals to practice their respective discipline. Didaxis, Inc. is located at Club Rotario de Río Piedras, Primer Nivel 1609 Ave. Ponce De León San Juan, Puerto Rico 00926 (Didaxis Metro) and Carr. #2 Edificio Caribbean Cinemas Office 203 San Germán, Puerto Rico 00683 (Didaxis Oeste).

## II. FACTS

### A. About the Plaintiff's Medical Conditions

5. In 2014, Mrs. Yessenia Vélez was diagnosed with Guillain-Barré Syndrome, which recurred in 2015. As a result of this condition, Mrs. Vélez experienced a series of bodily deteriorations that have caused her various ailments, such as bradycardia, leading to the implantation of a pacemaker. She has also developed drop foot, for which she uses bilateral orthopedic devices to enhance her mobility. Over time, Mrs. Vélez has experienced a vision loss in both eyes.

6. As a result of the medical conditions she suffers from, Mrs. Yessenia experiences significant visual impairment compared to the general population, as detailed below. The plaintiff has completely lost visual capacity in her right eye, while her left eye exhibits significant vision loss. Additionally, her visual field has been severely affected, making it difficult to focus on objects. Therefore, it has been determined that Mrs. Yessenia meets the criteria established to be legally blind. It is worth noting that conventional lenses are not effective in improving her vision. Instead, the use of optical and non-optical magnifiers is required to achieve an improvement in her visual capacity.

### B. About the Property in Controversy

7. Didaxis, Inc. is a company dedicated to the planning and administration of professional revalidation exams. It is authorized by the Office of Regulation and Certification of Health Professionals and the different Examining Boards affiliated with the Department of Health of Puerto Rico to carry out this task.

8. The Examining Board of Speech-Language Pathologists, Audiologists, and Speech-Language Therapists of Puerto Rico, created under Law No. 77 of June 3, 1983 (Law to Regulate the Practice of the Professions of Speech-Language Pathology, Audiology, and Speech-Language Therapy in Puerto Rico), affiliated with the Department of Health of the Government of Puerto Rico, is responsible for evaluating all license and recertification applications submitted to the Board, authorizing the practice of the professions of speech-language pathologist, audiologist, and speech-language therapist in the Commonwealth of Puerto Rico through the granting of licenses, and establishing the necessary mechanisms for the recertification of professionals in accordance with the provisions of [24 LPRA secs. 3001 et seq.]. Additionally, the Board must determine, through regulations, the examination procedures it deems necessary to assess the candidate's ability to practice as a speech-language pathologist, audiologist, or speech-language therapist.

**C. Discrimination in Property to plaintiff based on disability.**

9. Mrs. Yessenia Vélez Rodríguez completed her Bachelor's degree in Interdisciplinary Therapy and Language on April 28, 2022, at Albizu University, Mayagüez Campus.

10. As a requirement to obtain her professional license in order to practice her profession, the State of Puerto Rico requires her to pass the revalidation exam. This qualifying test evaluates the level of cognitive competence, aptitude, and skills to practice the professions of Speech-Language Pathology, Audiology, and Speech-Language Therapy in Puerto Rico.

11. Since May 2, 2022, Mrs. Yessenia has requested information from the

Examining Board regarding the revalidation exam via email, clearly stating that she is legally blind and wishes to be guided in applying for the corresponding reasonable accommodations. Not receiving a clear response to her inquiries, the plaintiff persisted by sending a letter on July 19 to establish communication and seek guidance regarding the revalidation application process.

12. On August 27, 2022, Mrs. Yessenia contacted the Examining Board once again via email to notify them that her revalidation application had been submitted on August 15, 2022, along with the "Reasonable Accommodations" certificate. In the email, the plaintiff clearly states that these accommodations include concessions allowed and endorsed by the Americans with Disabilities Act (ADA) of 1990, and in point 6, it is recommended the use of any type of optically assisted equipment, including the use of magnifiers. Mrs. Yessenia respectfully requests the Examining Board to allow her to use the assisted equipment called "Matt Connect" for taking the revalidation exam. She even attaches a YouTube link explaining the equipment and how it works.

13. On September 15, 2022, the secretary of the Examining Board, Mrs. Rebeca Osorio Vargas, responded to the plaintiff, Yessenia Vélez, via email, indicating the following: "As requested by you, the following reasonable accommodations are included: 1) Offering the exam in printed format with enlarged font size of 22 points, 2) Preferred seating, 3) Well-lit testing area, 4) Additional time of 30 minutes for each hour of exam duration, 5) Allowing the use of glasses, magnifiers, or magnifying devices for reading purposes during the exam, 6) Break periods of 10 minutes, as requested."

14. On October 9, 2022, Mrs. Vélez received a notification from Didaxis, Inc., informing her that she was scheduled for the revalidation exam on October 13, 2022, at 8:00 a.m. The exam was to take place on the second level of Caribbean Cinemas Camino Real Industrial Park Suite 203 in San

Germán, Puerto Rico, 00683.

15. On October 13, Mrs. Yessenia Vélez Rodríguez arrived at the facilities of Didaxis, Inc., where she was scheduled to take the revalidation exam, with her assisted equipment, the "Matt Connect" magnifier. However, the staff in charge were alarmed upon seeing the electronic device and categorically prohibited her from using it. They argued that it could potentially scan the exam and be used for fraudulent purposes during the test.

16. Mrs. Yessenia experienced stress and a panic attack in response to this distressing situation due to her belief that she wouldn't be able to take the exam and the setback it represented for her professional growth, as she wouldn't be able to obtain the license to practice her profession and secure a decent job. Mrs. Yessenia felt very indignant and upset because she had followed the established protocols since May 2022, when she first contacted the Examining Board, always making it clear that she was legally blind and required reasonable accommodations. Additionally, well in advance of the exam date, Mrs. Vélez had sent an email providing a YouTube link explaining how to use the electronic device, in order for the company to be familiar with the magnifier on the day of the exam.

17. However, Didaxis, Inc., the company, made the decision not to allow her to take the exam. Mrs. Yessenia, in the midst of her distress and realizing that time was running out and it was wasted time for exam preparation, expressed to them that she had to take the exam because her professional future depended on the professional license. Therefore, she proposed the alternative of bringing a magnifying glass from home in order to better see the exam, as the use of the "Matt Connect" magnifier was flatly denied. As a result, Mrs. Yessenia had to request a cellphone from the staff at Didaxis, Inc. to communicate with her husband and inform him that she needed a magnifying glass to be able to take the exam. One of the instructions for taking the exam prohibited the use of a cellphone, so Mrs. Yessenia was practically cut off from communication.

18. Mrs. Yessenia's husband headed to Mayagüez in search of the magnifying glass at their residence, which was located at 528 Camino Pedro Fernández, Mayagüez, Puerto Rico, 00680. The husband took approximately one hour and forty minutes to reach the exam venue to deliver the magnifying glass to Mrs. Yessenia so that she could attempt to have a "dignified" condition to take the exam.

19. The exam was supposed to start at 8:30 am, however, due to all the events that occurred, Mrs. Vélez didn't start the test until approximately 10:30 am. This caused her great discomfort, wasted time, and the loss of the opportunity to take the exam optimally.

20. The discriminatory behavior by the Puerto Rico Examining Board and Didaxis, Inc. is not only a violation of the ADA (Americans with Disabilities Act), but it has caused great harm to Mrs. Yessenia Vélez Rodríguez. It prevented her from exercising her right to reasonable accommodations for taking her licensure exam. This has had a negative impact on her professional future since, without the use of the magnifier, the plaintiff was unable to properly complete her licensure exam due to her visual disability. It directly caused damage to her professional life as she has been unable to obtain her license and secure employment thus.

21. Mrs. Yessenia could to take the exam, but with the use of the magnifying glass, which was extremely uncomfortable. She had to hold the magnifying glass with one hand while using the other hand to try to lift the eyelid of her left eye to have a clearer vision and answer the exam using a pencil. Additionally, the lighting was inadequate, so there were moments when she had to let go of everything and search for the best position. She even had to lie down on the table because her vision was completely impaired, preventing her from answering the exam. Mrs. Vélez, upon finding herself in this position, unable to read properly, became desperate and began to cry out of frustration caused by the situation, especially because she knew she had followed the protocol. As

can be seen in the email correspondence, she had clearly expressed her need for a magnifier on several occasions.

22. In light of Didaxis, Inc.'s refusal to allow the use of the "Matt Connect" magnifier, Mrs. Yessenia may face the risk of failing the exam again in the future. This would further delay her ability to obtain her professional license and practice her profession, exacerbating her financial and emotional situation. Therefore, Mrs. Yessenia must retake the licensure exam and pass it to obtain her professional license. However, retaking the exam entails significant expenses, as she must cover all administrative fees and go through the entire registration process once again.

23. It is important to note that the discrimination committed by the Examining Board and Didaxis, Inc. not only violates the rights of the plaintiff but also goes against the fundamental principles of equality and non-discrimination established in the ADA. Measures need to be taken to ensure that Mrs. Yessenia Vélez Rodríguez has the right to reasonable accommodations in her licensure exam, as this is essential for her professional growth and the ability to practice her profession adequately. The ADA establishes that all individuals with disabilities have the right to enjoy the same rights and opportunities as others. In this case, Mrs. Yessenia Vélez Rodríguez has the right to receive reasonable accommodations for her licensure exam, which is not only a legal obligation but also a fundamental human right that should be respected and protected by all individuals and entities involved in the process. Therefore, immediate action is necessary to ensure that Mrs. Yessenia Vélez Rodríguez has access to the necessary reasonable accommodations for her licensure exam without any additional cost and that her visual disability does not hinder her professional growth. It is crucial to respect the human rights of all individuals, regardless of their condition or disability, and to promote a more inclusive and just society for everyone.

24. The plaintiff has suffered dignitary harm, which is a type of harm

recognized in cases of discrimination, as expressed in the binding case Laufer v. Acheson Hotels, LLC, 50 F.4th 259 (1st Cir. 2022) ("Dignitary harm or stigmatic injuries caused by discrimination have long been held a concrete injury in fact"). These damages seek to compensate for the loss of dignity and self-esteem that a person may experience as a result of discrimination. In other words, dignitary harm acknowledges that discrimination can not only cause physical or economic harm but can also deeply affect the self-image and self-esteem of the discriminated person. This may include feelings of shame, humiliation, and disregard. The ADA allows individuals who have been discriminated against based on disability to seek compensation for dignitary harm. The plaintiff states that they are claiming dignitary damages in the following two independent ways: (1) through the judicial recognition of dignitary harm to the plaintiff; (2) through the imposition of a one-dollar amount as dignitary damages.

### III. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

A. A permanent injunction pursuant to 42 USC § 12188(a)(2) and 28 CFR § 36.504(a) ordering the defendant to eliminate discriminatory policies, practices, and procedures and to provide employees with accessibility policies to ensure the respect of the rights of individuals with disabilities and to enable equal access to services.

B. In the event that the defendant persists in their discriminatory conduct, pursuant to 42 USC § 12188(a)(2) and 28 CFR § 36.504, it is requested that the closure and shutdown of the Property be ordered as a preliminary measure to halt the discriminatory condition until it has been convincingly and to the satisfaction of the court demonstrated that the discrimination has been eliminated.

C. Compensatory damages under Title II of the ADA and Section 504 of the Rehabilitation Act for intentional discrimination that has caused harm to Mrs. Yessenia Vélez Rodríguez.

D. Nominal damages under Title II of the ADA and Section 504 of the Rehabilitation Act for intentional discrimination that has caused harm to Mrs. Yessenia Vélez Rodríguez.

E. It is requested that all immediate measures be taken to ensure that Mrs. Yessenia Vélez Rodríguez has access to the necessary reasonable accommodations to take her licensure exam without any additional cost.

F. Dignitary damages in the amount of one dollar or through a judicial pronouncement declaring that the dignity of the plaintiff was aggrieved.

G. Attorney's fees, costs, and litigation expenses to be awarded to the prevailing plaintiff in their claims.

H. The provision of any other remedy that is just and proper, in law or equity, and that has not been expressly requested but is applicable as a matter of right and in accordance with Rule 42.4 of the Civil Procedure Rules of Puerto Rico.

DATED:  JUNE, 2 2023

**VELEZ LAW GROUP LLC**
Civil Rights Division

s/José Carlos Vélez Colón
José Carlos Vélez Colón
USDC-PR 231014

1969 S. Alafaya Trail #379
Orlando, FL 32828-8732

E:  vlg@velezlawgroup.com
T:  (787)-422-1881
    (787)-422-1958

**PLAINTIFF'S ATTORNEY**

9