```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| YESSENIA VÉLEZ RODRÍGUEZ,<br><br>**Plaintiff**<br><br>v.<br><br>DIDAXIS, INC.; PUERTO RICO GOVERNMENT DEPARTMENT OF HEALTH,<br><br>**Defendant** | CIVIL NO. 23-1287 (RAM) |

### MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Plaintiff Yessenia Vélez Rodríguez's *Motion to Proceed* in Forma Pauperis ("*Motion*"). (Docket No. 1). Plaintiff is suing Didaxis, Inc. ("Didaxis") and the Puerto Rico Government Department of Health ("Department of Health") (collectively, "Defendants") under the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act. (Docket No. 3). Ms. Vélez, who is visually impaired, alleges in her *Complaint* that Didaxis, a company that administers professional revalidation exams, prohibited her from using a "Matt Connect" magnifier during an exam. Id. Plaintiff claims that as a result, she was unable to complete the exam and is now without a professional license or secure employment. Id. She seeks injunctive relief and damages. Id.

The decision whether to grant *in forma pauperis* status is in the district court's discretion. *See* Deliston v. Smokeshack, 2016 WL 4530889, at *1 (S.D.N.Y. 2016) (citation omitted). Courts must balance two competing interests in their assessment: the Court and public's interest in obtaining filing fees, which are an important source of funding for the court system, and their interest in guaranteeing access to justice irrespective of a litigant's financial means. *See* James v. City of New York, 2015 WL 1285979, at *2 (E.D.N.Y. 2015). *See also* Darang v. The City of New York, 2015 WL 8207438, at *2 (E.D.N.Y. 2015).

Ms. Vélez is represented by counsel. Courts vary in their approach to motions to proceed *in forma pauperis* in the case of plaintiffs that are represented by counsel. *See, e.g.,* Fodelmesi v. Schepplerly, 944 F. Supp. 285, 286 (S.D.N.Y. 1996) ("[o]n balance, the Court is persuaded that an in forma pauperis application ordinarily should not be granted in a contingency fee context" but granting an exception); Deliston v. Smokeshack, 2016 WL 4530889, at *1 (S.D.N.Y. 2016) (denying the motion because judges in S.D.N.Y. and E.D.N.Y. do not normally grant *in forma pauperis* status in a contingency fee context). *But see* James v. City of New York, 2015 WL 1285979, *2-3 (E.D.N.Y. 2015) (granting *in forma pauperis* status "on the condition that should they receive any monetary settlement or award equal to or greater than the $400.00 filing fee, that fee must be paid to the Court within

fifteen days of the receipt of the settlement or award[,]" that "the payment of the filing fee to the Court must be included as a condition to any settlement agreement[,]" and that Plaintiff's counsel, as an officer of the Court, effect service). The above-cited cases suggest that, in special circumstances, *in forma pauperis* status may be granted, although the Court may tailor the order as it deems appropriate.

In the case of ADA claims, the fee-shifting structure "permit[s] plaintiffs with valid claims to attract effective legal representation[.]" Deliston, 2016 WL 4530889, at *1 (internal quotation marks and citation omitted). However, given the amount of damages at issue in this case, the Court **GRANTS** Plaintiff's *Motion* at Docket No. 1 under the following condition: Should Plaintiff receive any recovery by settlement or otherwise, then she will repay the current filing fee of $402, or such lesser amount as may be determined by the Court, into the Court's registry. The issue of effecting service is **MOOT** as Plaintiff's counsel has indicated that he plans to hire a process server.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 4th day of August 2023.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge
