**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

YESSENIA VÉLEZ-RODRÍGUEZ,

      **Plaintiff,**

      v.

DIDAXIS, INC. AND PUERTO RICO
GOVERNMENT DEPARTMENT OF HEALTH,

      **Defendants.**

**CIVIL NO. 23-1287 (RAM)**

<u>**OPINION AND ORDER**</u>

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is the *Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)* ("*Motion to Dismiss*") filed by Defendant Puerto Rico Government Department of Health ("DOH") and the *Motion for Joinder and to Dismiss* filed by Defendant Didaxis, Inc. ("Didaxis"). (Docket Nos. 42 and 47). For the reasons discussed below, the Court **GRANTS** the two motions to dismiss.

**I.    BACKGROUND**

On June 2, 2023, Plaintiff Yessenia Vélez-Rodríguez ("Ms. Vélez") filed her *Complaint* against Defendants. (Docket No. 3). Ms. Vélez alleges that she was subject to discrimination in violation of Titles II and III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. <u>Id.</u> Specifically, Ms. Vélez avers she has no visual capacity in her right eye, significant vision loss in her left eye, and meets the criteria for legal

Civil No. 23-1287 (RAM)                                                    2

blindness. Id. ¶ 6. In 2022, Plaintiff sought reasonable
accommodations to take a revalidation exam that is required for
obtaining a professional license in speech language pathology,
audiology, or therapy in Puerto Rico. Id. ¶¶ 10-11. She requested
that she be able to take the exam using a magnifier, specifically
an electronic magnifying device called "Matt Connect." Id. ¶ 12.
On September 15, 2022, Ms. Rebeca Osorio-Vargas ("Ms. Osorio"),
the Secretary of the Examining Board, sent Plaintiff an email that
stated:

> [a]s requested by you, the following
> reasonable accommodations are included: 1)
> Offering the exam in printed format with
> enlarged font size of 22 points, 2) Preferred
> seating, 3) Well-lit testing area, 4)
> Additional time of 30 minutes for each hour of
> exam duration, 5) Allowing the use of glasses,
> magnifiers, or magnifying devices for reading
> purposes during the exam, 6) Break periods of
> 10 minutes, as requested.

Id. ¶ 13. Ms. Vélez arrived at the exam location on October 13,
2022, and Didaxis testing staff did not permit her to use the "Matt
Connect" magnifier, claiming that it could potentially scan the
exam and be used for fraudulent purposes. Id. ¶ 15. Plaintiff was
allowed to use a magnifying glass, but not the "Matt Connect." Id.
¶ 21. She also alleges the lighting was inadequate. Id. Ultimately,
Ms. Vélez took the licensing exam approximately two hours after

the original start time. Id. ¶ 19. Accordingly, she seeks a permanent injunction and damages. Id. at 8-9.

On November 10, 2023, DOH filed its *Motion to Dismiss*. (Docket No. 42). It contends that Plaintiff has failed to state a claim under Title II of the ADA because (1) she failed to allege an impairment, and that the impairment substantially limits a major life activity; and (2) the DOH granted reasonable accommodations. Id. at 5-9. Next, it claims that Ms. Vélez cannot establish a claim under Title III of the ADA because she does not allege the Health Department is the owner of a privately operated place of business. Id. at 10. Finally, the DOH maintains there is no prima facie case under section 504 of the Rehabilitation Act because Plaintiff has failed to plead the DOH is a public entity, and that any Rehabilitation Act claims would fail for the same reason that the Title II claims are inadequate. Id. at 10-12.

Plaintiff filed a *Response in Opposition* on November 14, 2023. (Docket No. 44). Three days later, Didaxis filed its *Motion for Joinder and to Dismiss*. (Docket No. 47).[1] Didaxis claims Plaintiff's *Complaint* must be dismissed because (1) it fails to state a claim as to Didaxis, (2) Plaintiff is not a qualified individual under the ADA, and (3) Plaintiff did not request a

---

[1] The Court granted Didaxis' request for joinder on November 21, 2023. (Docket No. 48).

Civil No. 23-1287 (RAM)                                                          4

reasonable accommodation. Id. ¶ 1. Ms. Vélez then filed a second *Response in Opposition* on December 1, 2023. (Docket No. 51).

## II.  LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) requires dismissal of a complaint that "fails to state a claim upon which relief can be granted." Under Rule 12(b)(6), a plaintiff must plead enough facts to state a claim that is "plausible" on its face, and the "[f]actual allegations must be enough to raise a right to relief above the speculative level, […] on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotations marks, citations and footnote omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. Further, a complaint will not stand if it offers only "naked assertion[s]" devoid of "further factual enhancements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). To determine whether a complaint has stated a plausible, non-speculative claim for relief, courts must treat non-conclusory factual allegations as true. *See* Nieto-Vicenty v. Valledor, 984 F. Supp. 2d 17, 20 (D.P.R. 2013).

Civil No. 23-1287 (RAM)                                                        5

---

### III. DISCUSSION

#### A. Title II of the ADA

Title II of the ADA provides in relevant part that:

> no qualified individual with a disability
> shall, by reason of such disability, be
> excluded from participation in or be denied
> the benefits of the services, programs, or
> activities of a public entity, or be subjected
> to discrimination by any such entity.

42 U.S.C. § 12132. A public entity means "any department, agency, special purpose district, or other instrumentality of a State or States or local government." Id. § 12131(1)(B). Section 504 of the Rehabilitation Act, Pub. L. No. 93-112, 87 Stat. 355 (1973), is the model for Title II, and therefore courts may rely on decisions applying section 504 when analyzing Title II cases. *See* Parker v. Universidad de P.R., 225 F.3d 1, 4 (1st Cir. 2000).

To establish a prima facie case under Title II, a plaintiff must establish that (1) they are a qualified individual with a disability; (2) they were "excluded from participation in, or denied the benefits of a public entity's services, programs, or activities or was otherwise discriminated against"; and 3) that the exclusion or denial was due to their disability. Sosa v. Massachusetts Dep't of Corr., 80 F.4th 15, 30 (1st Cir. 2023) (citations omitted). Additionally, a Title II claim may be premised on "one of three theories of discrimination: (1) intentional

Civil No. 23-1287 (RAM)                                                   6

discrimination or disparate treatment; (2) failure to make a
reasonable accommodation; [or] (3) disparate impact." Id.
(citations omitted).

As relevant here, the Defendants move to dismiss because they
allege that Plaintiff failed to allege an impairment, and that the
impairment substantially limits a major life activity.
Furthermore, they contend the DOH granted the request for
reasonable accommodation.

i.    Plaintiff failed to adequately allege an impairment

Under the ADA, an individual has a disability if they have "a
physical or mental impairment that substantially limits one or
more major life activities," or if they have a record of such
impairment or are regarded as having such impairment. 42 U.S.C.
§ 12102(1)(A)-(C). The First Circuit's test for statutory
disability under the ADA requires the plaintiff to bear the burden
of establishing (1) whether the alleged condition is a mental or
physical impairment; (2) whether the life activities the plaintiff
relies on are "major life activities" under the ADA; and (3)
whether the impairment substantially limits the major life
activity. Ramos-Echevarria v. Pichis, Inc., 659 F.3d 182, 187 (1st
Cir. 2011); Carroll v. Xerox Corp., 294 F.3d 231, 238, 240 (1st
Cir. 2002). An impairment does not need to "prevent, or
significantly or severely restrict" the performance of major life

Civil No. 23-1287 (RAM)                                               7

activities, but "not every impairment will constitute a disability" for the purposes of the ADA. 29 C.F.R. § 1630.2(j)(1)(i)-(ii). Furthermore, evidence of a medical diagnosis alone is not sufficient to prove that plaintiff has a disability. Ramos-Echevarria, 659 F.3d at 187 (citing Toyota Motor Mfg., Ky, Inc. v. Williams, 534 U.S. 184, 198 (2002)).

Here, Plaintiff alleges that her impairment is visual, although it stems from and is related to other health conditions. *See* (Docket Nos. 3 at 2 and 44 at 3). Specifically, Ms. Vélez has "completely lost visual capacity in her right eye, while her left eye exhibits significant vision loss." (Docket No. 3 at 2). She claims that she has a diminished visual field and meets the criteria for legal blindness. Id. Additionally, Plaintiff must use "optical and non-optical magnifiers." Id.

In reciting this information, however, the *Complaint* only includes an allegation of a diagnosis alone. Plaintiff does not plead, for example, that the visual impairment substantially limits a major life activity, that there is a record of the impairment, or that she is regarded as having the impairment. Moreover, the authority cited in the *Response in Opposition* is inapposite. Betancourt-Colon v. Kimco PR Mgmt. Corp. involved a plaintiff who sufficiently claimed in his amended complaint that his heart conditions limited him in conducting four major life

Civil No. 23-1287 (RAM)                                                    8

activities. 2023 WL 6393065, at *3 (D.P.R. 2023). No such
allegations are present here. The Court acknowledges that there is
a low burden to establish a disability at the pleadings stage of
litigation. *See, e.g.*, Garcia-Hicks v. Vocational Rehab. Admin.,
148 F. Supp. 3d 157, 167 (D.P.R. 2015) (collecting cases). However,
Ms. Vélez did not include **any** information about what major life
activity is impaired by her visual condition in her *Complaint*.
Thus, Plaintiff has not adequately alleged an impairment within
the meaning of the ADA. *See also* Albertson's, Inc. v. Kirkingburg,
527 U.S. 555, 567 (1999) (establishing that monocular vision is
not a *per se* disability under the ADA).

      ii.  Plaintiff failed to state a claim based on failure
          to make reasonable accommodations

Plaintiff's *Complaint* centers on Defendants' purported
discrimination against her due to her disability as well as their
failure to provide her with reasonable accommodation. These claims
are intertwined, because the "'failure to make modifications to
existing . . . practices' can also be a form of discrimination
against individuals with disabilities." Sosa, 80 F.4th at 31
(quoting 42 U.S.C. § 12101(a)(5)). Under Title II, a public entity
must "make reasonable modifications," but it is not required to
make changes that would "fundamentally alter the nature of the
services, programs, and activities it provides . . . or that would

Civil No. 23-1287 (RAM)                                                    9

impose on it an undue burden." Id. (citations and internal
quotation marks omitted). Accordingly, a plaintiff who seeks to
make a Title II claim based on failure to make reasonable
accommodations must allege that first, she needs an individualized
change to access an opportunity effectively, and second, that the
public entity "unjustifiably failed to make that change." Id. The
burden then shifts to the defendant to either make the modification
or show that doing so would "result in a fundamental alteration of
services or impose an undue burden." Toledo v. Sanchez, 454 F.3d
24, 32 (1st Cir. 2006) (citations omitted).

In this case, it is undisputed that Ms. Vélez made a request
for reasonable accommodations prior to taking the exam. Thus, the
key issues are: whether Defendants unjustifiably failed to
accommodate a) Plaintiff's alleged lack of visual acuity; and b)
her specific request to use the Matt Connect device. The *Complaint*
itself makes clear that the DOH, through Ms. Osorio, responded to
Plaintiff's request for accommodations by, *inter alia*, requiring
a "[w]ell-lit testing area" and "[a]llowing the use of **glasses,
magnifiers, or magnifying devices for reading purposes** during the
exam." (Docket No. 3 ¶ 13) (emphasis added). In other words, the
DOH's reply specifically responds to Ms. Vélez's request for an
accommodation and allows her to use a magnifying device.

As to Didaxis,[2] the *Complaint* makes clear that Plaintiff was ultimately permitted to take the exam, but with a standard magnifying glass instead of the Matt Connect device. As alleged, Didaxis employees were concerned that the Matt Connect could be used to scan the exam and be used for fraudulent purposes. (Docket No. 3 ¶ 15). A plaintiff challenging a failure to accommodate must allege that her "situation was due to irrational prejudice." Toledo, 454 F.3d at 33. Here, Ms. Vélez cannot meet that burden. As with the situation in Toledo, there are "rational bases for the [defendants'] actions [that] are apparent from the face of the complaint." Id. Didaxis staff reasonably did not permit an electronic magnifying glass out of concerns for exam integrity, and they also allowed Plaintiff time to retrieve a different magnifying glass. Thus, Ms. Vélez has failed to allege that the modifications made by Didaxis were discriminatory or unreasonable accommodations.[3] *See* Hartsfield v. Miami-Dade County, 90 F. Supp.

---

[2] The parties did not brief the issue of whether Didaxis is a "public entity" within the meaning of Title II of the ADA. Because the motion to dismiss would be granted in any case based on Plaintiff's failure to allege an impairment under the ADA, the Court does not address the public entity status of Didaxis here.

[3] Plaintiff did not allege whether she informed Didaxis about the lighting conditions in the exam, and so the Court does not address it here. *See, e.g.*, Betancourt Colon v. Puerto Rico Convention Ctr. Dist. Auth., 2023 WL 5163320, at *4 (D.P.R. 2023) (citing 42 U.S.C. § 12182(b)(2)(A)(ii) and requiring a plaintiff to allege that a request for modification was made to the operator of a public accommodation). Additionally, Ms. Vélez's two *Responses in Opposition* do not refer to the lighting conditions in the exam.

Civil No. 23-1287 (RAM)                                                    11

2d 1363, 1373 (S.D. Fl. 2000) (finding employer had made reasonable accommodations when employee used a hand-held magnifier to "satisfactorily perform her work," even though a closed-circuit television magnifying device had been requested).

For these reasons, the *Motion to Dismiss* is **GRANTED** as to Plaintiff's Title II claims.

### B. Title III of the ADA

Title III of the ADA prohibits discrimination in places of "public accommodation" as well as in "specified public transportation services." 42 U.S.C. §§ 12182 and 12184. Under this provision, a plaintiff must show first, that she "comes within the protections of the ADA as a person with a disability," and second, "that the defendant's establishment is . . . a place of public accommodation." Dudley v. Hannaford Bros. Co., 333 F.3d 299, 307 (1st Cir. 2003) (citing 42 U.S.C. §§ 12102(2) and 12181(7)). First Circuit precedent further requires that the plaintiff bear the burden of showing that:

> the defendant has a discriminatory policy or practice in effect; that . . . the plaintiff . . . requested a reasonable modification in that policy or practice which, if granted, would have afforded him access to the desired goods; that the requested modification—or a modification like it—was necessary to afford that access; and that the defendant nonetheless refused to modify the policy or practice.

Dudley, 333 F.3d at 307.

Plaintiff's Title III claim fails for the same reasons her Title II claim cannot be sustained. Here, too, she has not sufficiently alleged a disability. Nor has she alleged that the DOH failed to reasonably accommodate her request, or that Didaxis' modification was unjustifiable. Moreover, as averred by the DOH, and unchallenged by Plaintiff, Ms. Vélez did not allege that the DOH is an operator of a public accommodation. For all these reasons, Defendants' *Motion to Dismiss* as to Plaintiff's Title III claims is **GRANTED**.

## C. Section 504 of Rehabilitation Act

Plaintiff's third and final claim rises under § 504 of the Rehabilitation Act, 29 U.S.C. § 794. In relevant part, the Rehabilitation Act provides that "[n]o qualified individual with a disability . . . shall, solely by reason of her or his disability . . . be subjected to discrimination under any program or activity receiving Federal financial assistance." Id. § 794(a). As discussed previously, cases interpreting the ADA and the Rehabilitation Act are coterminous. *See* Rivera-Velázquez v. Regan, 102 F.4th 1, 9 n.4 (1st Cir. 2024) (citing cases and noting the liability standards are the same for both statutes). Here, too, Plaintiff cannot establish she properly alleged an impairment or a failure to reasonably accommodate her.

Moreover, there is no allegation in the *Complaint* that either of the Defendants is a program or activity, "any part of which [had been] extended Federal financial assistance." 29 U.S.C. § 794(b). Plaintiffs who seek to bring a claim under § 504 "must additionally plead that the [defendant] received federal funding." Rivera-Concepcion v. Puerto Rico, 786 F. Supp. 2d 442, 460 (D.P.R. 2010) (finding that plaintiff who alleged that defendant received such funds "on information and belief" had sufficiently stated a claim). Ms. Vélez avers that her allegation that the DOH is a state government agency is sufficient, because the agency "undoubtedly receives federal funding to support its programs and activities." (Docket No. 44 at 7). However, there are no references at all to federal funding in the *Complaint*. Plaintiff has not established a prima facie case under § 504 of the Rehabilitation Act, and thus the *Motion to Dismiss* is also granted on this claim.

## IV.  CONCLUSION

For the foregoing reasons, the Court **ORDERS** that Defendant Puerto Rico Department of Health's *Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)* at Docket No. 42 and Defendant Didaxis, Inc.'s *Motion for Joinder and to Dismiss* at Docket No. 47 are **GRANTED**. Judgment of dismissal with prejudice as to all claims shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 8th day of July 2024.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE